United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40900
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LORENZO ARELLANO-ESCALANTE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-99-ALL
--------------------

Before Barksdale, Stewart, and Clement, Circuit Judges.

PER CURIAM:[*]

        Lorenzo Arellano-Escalante (Arellano) appeals his guilty-plea conviction and sentence for illegally reentering the United States after a previous deportation, in violation of 8 U.S.C. § 1326. Arellano was sentenced to 46 months in prison and three years of supervised release.

        For the first time on appeal, Arellano argues that his guideline imprisonment range was erroneously increased by 16 levels on the ground that his 1993 Texas conviction of sexual assault was a "crime of violence" under U.S.S.G.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A)(ii). The Government contends that this issue is effectively unreviewable in that Arellano affirmatively waived it below. Arellano replies that there is no "indication" that he, as opposed to his counsel, made a "knowing and intentional 'affirmative choice'" to forego appellate review of this claim.

Waiver, as opposed to forfeiture, is the "'intentional relinquishment or abandonment of a known right.'" See United States v. Olano, 507 U.S. 725, 733 (1993) (citation omitted). A claim that is waived is "entirely unreviewable, unlike forfeited errors, which are reviewable for plain error." See United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995). We have indicated that a defendant's attorney can waive a claim by his client "'so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy.'" United States v. Reveles, 190 F.3d 678, 683 n.6 (5th Cir. 1999) (addressing waiver of Sixth Amendment confrontation right) (quoting United States v. Stephens, 609 F.2d 230, 232-33 (5th Cir. 1980)) (emphasis added).

In applying the 16-level increase, the district court noted that Arellano had been indicted in Texas for the aggravated sexual assault of a child under the age of 14 and that he had pleaded guilty to the lesser included offense of sexual assault. Arellano has not established that the court was not authorized to consider the underlying offense conduct, at least insofar as this

consideration was limited to the charging instrument. See United States v. Izaquirre-Flores, 405 F.3d 270, 275 n.14 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005). Although the extent to which such underlying conduct may be considered remains unsettled in this circuit, see United States v. Sarmiento-Funes, 374 F.3d 336, 338 n.1 (5th Cir. 2004), Arellano has not established that his attorney's decision not to raise the § 2L1.2(b)(1)(A)(ii) challenge in the district court was not prudent or reasonable. See Reveles, 190 F.3d at 683 n.6; cf. United States v. Jaimes-Jaimes, 406 F.3d 845, 847-49 (7th Cir. 2005) (concluding that attorney's waiver of objection to § 2L1.2(b)(1)(A)(ii) increase was not reasonable and could not be attributed to defendant, when increase was plain error). Accordingly, Arellano has not shown that the waiver was invalid. As an alternative matter, he has not established that the 16-level increase was plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Arellano's challenge to the constitutionality of § 1326(a) and (b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Arellano contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268,

276 (5th Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 298 (2005).  Arellano properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.