United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 05-41582

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GERARDO FERNANDO CHAPA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(5:05-CR-1033-ALL)

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

In 2005, Gerardo Fernando Chapa ("Chapa") pleaded guilty without a written plea agreement to transporting illegal aliens for financial gain in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2. He was sentenced to a twenty-seven-month term of

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

imprisonment and a three-year term of supervised release. He appeals his conviction and sentence, arguing for the first time on appeal that the district court committed error by enhancing his sentence under U.S.S.G. § 2L1.1(b)(5), the "reckless endangerment enhancement." Because we find that Chapa waived his right to assert an error in application of § 2L1.1(b)(5), we cannot review his claim and we affirm his conviction and sentence.

I.

The following facts summarize the evidence orally proffered by the prosecutor at Chapa's rearraignment:

> On April 11, 2005, Border Patrol agents were called to assist a Texas Department of Public Safety trooper at the scene of an accident in Jim Hogg County. When the Border Patrol agents arrived on scene, they identified Chapa as the driver of a 2004 Chrysler minivan. Chapa initially claimed he was alone in the minivan, however, agents subsequently found nine undocumented aliens hiding in the brush near the vehicle. Eight of the undocumented aliens admitted to being in the minivan when the accident occurred. They also admitted that they were in the United States unlawfully and that they had paid to be smuggled into the United States. After being advised of his rights and waiving the same, Chapa admitted that he had transported the aliens in the minivan prior to the crash. He told the agents that he had fallen asleep at the wheel and lost control of the vehicle.

The pre-sentence report ("PSR") further indicated that at the time of the accident, eight of the aliens were seated on the minivan's bench seats and one was lying in the cargo area in the

rear. The alien in the cargo area was knocked unconscious and seriously injured after the minivan turned over several times and hit a tree.

At his rearraignment, Chapa pleaded guilty without a written plea agreement to the offense of transporting illegal aliens for financial gain in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2. The issue of whether Chapa recklessly endangered the aliens was reserved for sentencing. The PSR recommended a base offense level of twelve pursuant to U.S.S.G. § 2L1.1; a three-level increase pursuant to U.S.S.G. § 2L1.1(b)(2)(A) for smuggling six or more illegal aliens; an increase to offense level eighteen pursuant to U.S.S.G. § 2L1.1(b)(5) because the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person; and an additional two-level increase pursuant to U.S.S.G. § 2L1.1(b)(6)(1) for bodily injury to a person. The PSR also recommended a three-level reduction for acceptance of responsibility, resulting in a total offense level of seventeen. Based on a total offense level of seventeen and a Criminal History Category of II, Chapa's guideline sentencing range was twenty-seven to thirty-three months.

Chapa did not file any written objections to the PSR. Defense counsel acknowledged at sentencing that he had not objected to anything in the PSR, but commented that he questioned

whether a reckless endangerment enhancement was warranted under § 2L1.1(b)(5) where only one passenger had been located in the cargo area and all other passengers had been located in seats. Specifically, counsel stated,

> Your Honor, this is a very peculiar case. I went back and forth trying to decide whether I should file objections to the PSR or not. He's been given an enhancement for endangerment. Had he not fallen asleep and gone off the road and been pulled over, I probably would have filed an objection that it was not endangerment because the material witness indicates that everybody was sitting on the bench seat except for one person in the cargo area. And so I think what they would be relying on with regard to endangerment would be one person in the cargo area.
> In light of the case law now, I don't know if that is a substantial risk of serious bodily injury or death. However, . . . he did go off the road and thereafter wreck and there was some injury. And I don't want to make light of the situation, but there was, and this is exactly the kind of thing we're concerned of with putting people in the car is this kind of accident. And the accident did not result in death or serious bodily injury. And the reason that I did not want to get up there and make that argument is that I know he's probably very lucky.
> But the fact is that there was no death or serious bodily injury, which is sort of the thing that we're concerned [with] in endangerment cases. Because of the wreck, I didn't file an objection, but it is a strange situation.

The court determined that the guideline sentencing range of twenty-seven to thirty-three months, including the reckless endangerment enhancement, was appropriate and sentenced Chapa to twenty-seven months in prison and three years of supervised release. Chapa timely appealed his conviction and sentence.

4

II.

Chapa argues on appeal that the district court committed plain error by applying the reckless endangerment enhancement.[1] The Government contends that Chapa waived this claim by acknowledging the claim at sentencing and choosing not to pursue it. We agree with the Government.

"Waiver and forfeiture are two different means by which a defendant may react to an error by the government or the district court." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (internal quotation marks omitted). Forfeiture occurs when a defendant fails to make the timely assertion of a right, whereas waiver occurs when a defendant intentionally relinquishes a known right. *Id.* Forfeited errors are reviewed for plain error; waived errors are entirely unreviewable. *Id.* A defendant's attorney can waive a claim by his client "so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." *United States v. Reveles*, 190 F.3d 678, 683 n.6 (5th Cir. 1999) (internal quotation marks omitted).

---

[1] Chapa's appointed counsel originally filed an *Anders* brief and a motion to withdraw as counsel. We denied counsel's motion and ordered counsel to brief the Court whether the district court erred by increasing Chapa's offense level pursuant to U.S.S.G. § 2L1.1(b)(5) and whether that claim was waived.

5

Chapa's only contention regarding waiver is that it does not apply in this context, i.e., where a defendant chooses to forego a challenge to the district court's application of the sentencing guidelines. He cites a 2006 Supreme Court case, *Zedner v. United States*, 126 S. Ct. 1976 (2006), for the proposition that a defendant cannot waive the proper application of the sentencing guidelines. However, it is settled in this Circuit that a defendant can waive an error in application of the guidelines, *see United States v. Arellano-Escalante*, 174 F. App'x 817 (5th Cir. 2006); *United States v. Molina*, 82 F. App'x 977 (5th Cir. 2003); *United States v. Martinez*, 79 F. App'x 12 (5th Cir. 2003); *see also Arviso-Mata*, 442 F.3d at 384 (indicating that waiver could apply in the sentencing context under the right circumstances); and *Zedner*, which concerns the Speedy Trial Act, does not impact this line of precedent. Accordingly, because Chapa did not dissent from counsel's decision not to challenge the reckless endangerment enhancement and because Chapa has not shown that counsel's decision not to pursue such a challenge was unreasonable, counsel's waiver is valid and we cannot review Chapa's claim on appeal.

## III.

For the foregoing reasons, Chapa's conviction and sentence are AFFIRMED.