# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2010

No. 10-50237
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO MAR-RIVERA, also known as Francisco Rivera,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1391-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Francisco Mar-Rivera pleaded guilty to illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326, and received a sentence of 57 months in prison.

For the advisory Guideline-sentencing range, the probation officer recommended a 16-level enhancement, pursuant to Guideline § 2L1.2(b)(1)(A)(I), on the basis that Mar-Rivera's 2005 Kentucky conviction for trafficking in a controlled substance in or near a school, for which he received a two-year

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, constituted a drug-trafficking offense. Mar-Rivera contends the district court improperly imposed the enhancement, claiming the Government failed to provide sufficient evidence to establish his prior offense constituted such an offense.

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). On the other hand, an issue raised for the first time on appeal is reviewed only for plain error. *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

As Mar-Rivera concedes, he did *not* object in district court to the 16-level enhancement; therefore, this issue is reviewed for plain error. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). To establish reversible plain error, Mar-Rivera must show a clear or obvious error that affects his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he does so, this court retains the discretion to correct the error; generally, we will do so if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Mar-Rivera is unable to show error, much less reversible plain error. In conjunction with the addendum to the presentence investigation report, which Mar-Rivera's counsel apparently did not receive, the probation officer provided the district court with copies of the indictment and judgment in the Kentucky drug-trafficking proceeding. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding a reviewing court may examine the statutory definition, charging document, plea colloquy, and any explicit factual finding by the trial judge to

verify an earlier conviction). (Although these documents are *not* attached to the addendum in the record on appeal, the Government provided them with its brief here. They are not challenged in a reply brief.) These documents, along with the Kentucky drug-trafficking statute, confirm Mar-Rivera's pre-deportation crime constituted a "drug trafficking offense", warranting the 16-level enhancement. *See* KY. REV. STAT. ANN. §§ 218A.010(34), 218A.1411 (West 2005); U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

In the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Mar-Rivera challenges the constitutionality of treating prior convictions as sentencing factors under 8 U.S.C. § 1326(b), rather than elements of the separate offense that must be presented to the jury. As Mar-Rivera concedes, this contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007). He raises the issue only to preserve it for possible review by the Supreme Court.

AFFIRMED.