United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-10208
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

DINO ANTONIO MOLINA;
DELICIA SUYAPA AGUILAR-GALINDO,
also known as Guadalupe Molina;
MARIA DE LOS ANGELES GALINDO-CARRASCO,

Defendants-

Appellants.

--------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-114-1-A
USDC NO. 4:02-CR-114-2-A
USDC NO. 4:02-CR-114-8-A
--------------------------------------------------------------

Before SMITH, DEMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Dino Antonio Molina ("Molina"), Delicia Suyapa Aguilar-Galindo ("Aguilar-Galindo"), and

Maria De Los Angeles Galindo-Carrasco ("Galindo-Carrasco"), each appeal their sentences imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

following their guilty-plea conviction to conspiracy to smuggle, transport, and harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

The appellants argue that the district court committed error when it included in each appellant's sentence a two level-increase pursuant to U.S.S.G. § 2L1.1(b)(5), a specific offense characteristic to be used for offenses involving the smuggling, transporting, or harboring of an unlawful alien "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person."

Molina preserved this issue for review by raising it below. Therefore, clear error review is applicable to this argument as it relates to Molina. FED. R. CRIM. P. 51; United States v. Ocana, 204 F.3d 585, 588-89 (5th Cir. 2000). Although Galindo-Carrasco objected to the application of § 2L1.1(b)(5), she did not object on the basis now argued to this court. Galindo-Carrasco therefore did not properly preserve this issue for appellate review and the argument with respect to Galindo-Carrasco is reviewed only for plain error. See FED. R. CRIM. P. 51; Ocana, 204 F.3d at 588-89. Aguilar-Galindo withdrew her objections to the PSR at the sentencing hearing and they are thus waived. United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995). Waived errors are entirely unreviewable and therefore the argument as it relates to Aguilar-Galindo will not be reviewed by this court. Id.

The appellants argue that they were not personally involved in the transportation of the aliens and therefore they did not intentionally or recklessly create a substantial risk of death or serious bodily injury to another person. This argument is without merit. Defendants Molina and Aguilar-Galindo were the leaders/organizers of a lengthy conspiracy that illegally smuggled attractive young women into the United States to work in bars owned by Molina, Aguilar-Galindo, and others

involved in the conspiracy. Galindo-Carrasco, the mother of Aguilar-Galindo, participated in recruiting the women from her hometown in Honduras. The conspiracy is known to have smuggled into the United States 25 women; of the 25 women, six were juveniles between the ages of 13 and 15. The young women were exposed to treacherous travel conditions, including being packed head-to-toe in compartments installed beneath vehicles and remaining in the compartments for such a significant time that the women were forced to urinate on themselves. One woman was sexually assaulted during the trip. Another woman was injured in a vehicular accident, after which the driver abandoned her, and her injuries required hospitalization.

Based on the foregoing facts, the district court did not err when it determined that this particular offense intentionally or recklessly created a substantial risk of death or serious bodily injury to another person. See United States v. Cuyler, 298 F.3d 387, 391 (5th Cir. 2002). Additionally, it is reasonably foreseeable that such a journey would involve substantial risk of death or bodily injury, and therefore it was not error, clear or otherwise, for the district court to apply the specific offense characteristic set forth in U.S.S.G. § 2L1.1(b)(5) when sentencing the appellants. See U.S.S.G. §§ 1B1.2(b), 1B1.3(a)(1)(A),(B); see also United States v. Mares-Martinez, 329 F.3d 1204, 1206-07 (10th Cir. 2003).

The judgment of the district court is therefore AFFIRMED.