United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-40167

Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

JUAN ARVISO-MATA,
also known as Juan Jose Arviso-Mata

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

---

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Juan Arviso-Mata appeals the 70-month sentence imposed following his guilty-plea conviction of illegally re-entering the United States after deportation in violation of 8 U.S.C. § 1326. Arviso presents three issues: (1) whether the district court erred in calculating Arviso's criminal history score; (2) whether the district court's application of the mandatory Sentencing Guidelines was harmless error; and (3) whether 8 U.S.C. § 1325(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*.[1] We affirm Arviso's conviction, vacate Arviso's sentence, and remand for resentencing.

I

Without the benefit of a plea agreement, Arviso pleaded guilty to illegally re-entering the United States after being previously

---

[1]530 U.S. 466 (2000).

deported. The presentence report (PSR) established Arviso's base offense level at 8. He received a 16-level enhancement because he was deported previously following a conviction for transporting undocumented aliens within the United States. He received a three-level reduction for acceptance of responsibility. His total offense level was 21, with a resulting guidelines range of 70 to 87 months imprisonment.

Arviso filed written objections to the PSR. He objected to the 16-level enhancement on the basis of *Blakely v. Washington*. He also objected to the constitutionality of 8 U.S.C. § 1326(b), but he conceded that this argument was foreclosed. At sentencing, the court asked Arviso's counsel for any objections to the PSR. Counsel stated: "Your honor, we filed a Blakely objection to the 16 level enhancement for his August, 1994 conviction for purposes of further appellate review. . . . Outside of that, Your Honor, we have no objections to the PSR. The [August 1994] conviction was 10 years ago. We'd ask the Court to consider a sentence at the low end." After overruling the single objection, the district court sentenced Arviso to 70 months imprisonment and three years of supervised release. Arviso timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II

Arviso raises three issues on appeal. First, he contends that the district court erred in calculating Arviso's criminal history score. Second, he contends the district court's application of the mandatory Sentencing Guidelines was not harmless error. Third, he contends that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi*.

### A

Admitting that the issue was not raised below, Arviso contends that the district court plainly erred in assessing two criminal history points for his 1993 misdemeanor conviction of illegal entry

2

into the United States because the sentence was imposed more than ten years prior to the commission of the instant offense.[2]  The government contends that this asserted error, in addition to being forfeited, was also waived.  We disagree.

"Waiver and forfeiture are two different means by which a defendant may react to an error by the government or the district court in the proceedings in a case."[3]  The doctrines are similar, although distinct.  Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment of a known right.[4]  Forfeited errors are reviewed under the plain error standard; waived errors are entirely unreviewable.[5]

Waiver is the "'intentional relinquishment or abandonment of a known right.'"[6]  There is no evidence, here, that counsel knew of the sentencing guidelines issue and that he consciously chose to forego it.  The government's only evidence of waiver is counsel's statement that, other than the *Blakely* objection, he had no problem with the PSR.  This statement, alone, is insufficient to establish that Arviso's counsel abandoned a known right.  The unpublished opinions cited by the government are inapposite.  In both *United States v. Martinez* and *United States v. Molina*, the defendant objected, in writing, to the presentence report, but subsequently affirmatively abandoned the objection before the court at sentencing.[7]  We cannot say the same occurred here.

---

[2]*See* U.S. SENTENCING GUIDELINES § 4A1.1(b).

[3]*United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002).

[4]*United States v. Reveles*, 190 F.3d 678, 683 (5th Cir. 1993).

[5]*United States v. Musquiz*, 45 F.3d 927, 931-32 (5th Cir. 1995).

[6]*United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

[7]*United States v. Martinez*, 79 Fed. Appx. 12, 13 (5th Cir. 2003) (noting that the defendant filed written objections to the presentence report, but at the sentencing hearing, he "informed the district court that he was not pursuing the

Turning to the merits, we review the district court's application of the sentencing guidelines *de novo*.[8] Because there was no objection below, Arviso must establish that the district court plainly erred in application of the guidelines.[9]

The district court assessed Arviso two criminal history points for his 1993 conviction of illegal reentry. According to the indictment for the instant offense, Arviso was arrested for the instant offense on August 3, 2003. According to the PSR, Arviso pled guilty to the prior offense on March 3, 1993.[10] Under § 4A1.2(e), computation of criminal history points is determined by the length of the sentence and the date of the imposition or release of the sentence. Here, Arviso was sentenced to five years of probation without supervision. There was no term of imprisonment.

Section 4A1.e(2) governs whether prior convictions count for criminal history purposes. Under § 4A1.2(e)(1), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." This provision is not applicable, as Arviso's prior conviction did not result in imprisonment exceeding one year and one month. Under § 4A1.2(e)(2), "[a]ny other prior

---

written objections to the presentence report, that the presentence report was correctly written in all respect, and that the district court could rely upon the presentence report in determining his sentence"); *United States v. Molina*, 82 Fed. Appx. 977, 979 (5th Cir. 2003) (noting that the defendant "withdrew her objections to the PSR at the sentencing hearing" and thus they were waived).

[8]*United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005); *United States v. Jefferson*, 258 F.3d 405, 412 (5th Cir. 2001).

[9]*See, e.g.*, *United States v. Garcia-Cantu*, 302 F.3d 308, 310 (5th Cir. 2002).

[10]We have repeatedly held that the PSR "is considered reliable and may be considered as evidence by the district court when making sentencing determinations." *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004); *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999); *United States v. Reyna*, 130 F.3d 104, 112 (5th Cir. 1997).

4

sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." This provision is not applicable, as the instant offense occurred on August 3, 2003 and the sentence for the prior offense was imposed on March 3, 1993, which is outside the ten-year period.[11] Thus, we are left with § 4A1.2(e)(3), which provides that "[a]ny other sentence not within the time periods specified above is not counted." As Arviso's March 1993 conviction does not fall within the time periods specified in § 4A1.2(e)(1) or (2), it should not have counted.

Our conclusion that the district court erred is not changed by the subsequent revocation of Arviso's probation on September 13, 1994. Following revocation, Arviso was sentenced to three months of imprisonment. Section 4A1.2(k)(1) provides that "[in the case of a prior revocation of probation, . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for [§ 4A1.1]." Here, the original term of imprisonment was zero months; the additional term was three months.

Section 4A1.2(k)(2)(B) explains how the new term of imprisonment affects the counting of criminal history points under § 4A1.2(e). If the total term of imprisonment exceeds one year and one month, we are instructed to use "the date of last release from incarceration on such sentence." This provision is inapplicable, as Arviso's new term of imprisonment was only three months. Ignoring a provision regarding minors, in all other cases "the date of the original sentence" is used. Here, that is March 3, 1993, which, as discussed previously, is outside the window for consideration under § 4A1.2(e) and § 4A1.1(b). The district court

---

[11]*See United States v. Arnold*, 213 F.3d 894, 895-96 (5th Cir. 2000) (in calculating criminal history score under § 4A1.2(e), sentence imposed when defendant found guilty and given suspended sentence).

plainly erred in considering Arviso's March 1993 conviction for purposes of enhancing his criminal history score.

*B*

Second, Arviso contends the district court erred by applying the mandatory sentencing guidelines, in violation of *United States v. Booker*.[12]  Technically, the erroneous application of the guidelines as mandatory is a "*Fanfan* error."[13]  The government concedes that Arviso preserved his *Fanfan* error for appeal and that the issue is reviewed for harmless error.[14] The government contends that the error is harmless because the court imposed a "reasonable" sentence at the law end of the guidelines range.  However, the government cannot carry is arduous burden of showing that the district court would not have sentenced Arviso differently under an advisory guidelines system.[15]

*C*

Finally, Arviso contends that 8 U.S.C. § 1326 is unconstitutional.  As he concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, which this Court must follow "unless and until the Supreme Court itself determines to overrule it."

**III**

Accordingly, the judgment of conviction is AFFIRMED.  We VACATE Arviso's sentence and REMAND to the district court for resentencing.

---

[12]125 S.Ct. 738 (2005).

[13]*United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir.), *cert. denied*, 126 S.Ct. 464 (2005); *see also Booker*, 125 S.Ct. at 768-79.

[14]*See United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005).

[15]*See United States v. Pineiro*, 410 F.3d 282, 284-85 (5th Cir. 2005); *United States v. Garza*, 429 F.3d 165, 170-71 (5th Cir. 2005) (*Booker* error).

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.