United States Court of Appeals

Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50355
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO CASTILLO-RIOS,
also known as Eduardo Castillo-Rios,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1932
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Castillo-Rios (Castillo) appeals his 70-month
sentence following his guilty plea to illegal reentry after
deportation, in violation of 8 U.S.C. § 1326. For the first time
on appeal, Castillo argues that the district court erroneously
calculated his criminal history score by applying two-criminal
history points under U.S.S.G. § 4A1.1(e) because the instant
offense was committed within two years from his release from
custody for a California drug trafficking conviction. He asserts

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was actually released from custody five years before the instant offense.

As Castillo correctly concedes, because he did not object in the district court, review is limited to the plain error standard. See United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006). Under the plain error standard, the appellant must show (1) that there is an error; (2) that the error is clear or obvious; and (3) that the error affects his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 735-36.

The district court calculated Castillo's guideline range as 70 to 87 months. The guideline range without the two additional criminal history points would have been 57 to 71 months. Thus, the district court's sentence of 70 months was still within the guideline line range advocated by Castillo. We conclude that the sentence is thus entitled to a presumption of reasonableness and that Castillo has not met his burden of showing that his substantial rights were affected. See United States v. Medina-Arqueta, 454 F.3d 479, 483 (5th Cir. 2006); see also Olano, 507 U.S. at 734.

Castillo also challenges 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Castillo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Castillo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Castillo concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.