IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-50063
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAUL DE LA CRUZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-88-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raul De La Cruz appeals his 48-month sentence following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. For the first time on appeal, De La Cruz argues that the district court erroneously calculated his criminal history score by applying two criminal history points under U.S.S.G. § 4A1.1(e) because the instant offense was committed within two years from his release from custody for a 1999 sexual-assault-of-a-child conviction. He asserts that he was placed on deferred adjudication probation and was never actually

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in custody and that, in any event, he was discharged from probation more than two years before the instant offense.

As De La Cruz correctly concedes, because he did not object in the district court, review is limited to the plain error standard. See United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006). Under the plain error standard, the appellant must show that (1) there is an error; (2) the error is clear or obvious; and (3) the error affects his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 735-36.

The district court calculated De La Cruz's guidelines sentencing range as 46 to 57 months. Although De La Cruz asserts that the district court miscalculated his criminal history points, he concedes that the district court nevertheless arrived at the appropriate criminal history category and that his guidelines sentencing range was thus unaffected by this miscalculation. The district court sentenced De La Cruz within a properly calculated guidelines sentencing range. De La Cruz has not met his burden of showing that his substantial rights were affected by the district court's calculation of his criminal history points. See Olano, 507 U.S. at 734.

AFFIRMED.