# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-40289
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEVIN JOSEPH MITCHELL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 07-40289

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kevin Joseph Mitchell appeals his sentence following his guilty plea conviction for aiding and abetting the transportation of an undocumented alien within the United States for private financial gain. He argues that the district court erred in increasing his offense level pursuant to U.S.S.G. § 2L1.1(b)(5) based on the reckless endangerment of the aliens he was carrying under and behind the sleeper compartments of his tractor trailer. Because it is unclear whether Mitchell made an affirmative choice to forego his challenge to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.1(b)(5) enhancement in the district court, or whether he inadvertently neglected to pursue his written objection to the enhancement, we will review for plain error.  See United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006).  Plain error results if there is error, the error is clear or obvious, and the error affected Mitchell's substantial rights.  See United States v. Villanueva, 408 F.3d 193, 202 (5th Cir. 2005).  If all three conditions are met, this court may exercise its discretion to correct the error only if it finds that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal quotations and citation omitted).

The § 2L1.1(b)(5) enhancement applies to "situations that, for one reason or another, pose inherently dangerous risks to the aliens being transported."  United States v. Solis-Garcia, 420 F.3d 511, 514 (5th Cir. 2005).  Although the risk to the aliens must be greater than that of an ordinary passenger not wearing a seatbelt in a moving vehicle, "[t]ransporting aliens in a manner that significantly hinders their ability to exit the vehicle quickly creates a substantial risk of death or serious bodily injury."  United States v. Zuniga-Amezquita, 468 F.3d 886, 889 & n.4 (5th Cir. 2006).

The record reflects that Mitchell placed the aliens in compartments which impeded their ability to exit the tractor trailer quickly in the event of an accident.  Further, it is unlikely that anyone would have looked for the aliens in the sealed compartments had an accident occurred.  Because Mitchell has demonstrated no clear or obvious error in the district court's application of § 2L1.1(b)(5), the judgment of the district court is AFFIRMED.