# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2011

Lyle W. Cayce
Clerk

No. 10-20167

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MAURICIO CABRERA TORRES, also known as El Gordo,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 4:09-cr-00368-1

Before JONES, Chief Judge, and DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Mauricio Cabrera Torres (Torres) appeals his guilty plea conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 100 grams or more of heroin in violation of 21 U.S.C. §§ 846, and 841(a)(1), (b)(1)(A), and (b)(1)(B). Torres argues that the district court erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20167

when it improperly admonished him of his rights during a Rule 11 guilty plea hearing. *See* FED. R. CRIM. P. 11. Because Torres fails to establish plain error, we affirm.

## I.

Torres was arrested following his involvement in a series of drug transactions. At his Rule 11 hearing, Torres pleaded guilty to Count 1 of the indictment—conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 100 grams or more of heroin. He acknowledged that he discussed the charges and evidence with his attorney, and that he knew what the government needed to prove to establish his guilt. He also indicated that he read and discussed the plea agreement with his attorney. Torres admitted guilt and that the agreement's factual basis was true. Finally, Torres signed the written agreement, which included an addendum where Torres asserted that his counsel had fully explained the nature of the charges along with every part of the plea agreement, and that he understood the agreement and voluntarily pleaded guilty. The district court accepted the guilty plea and sentenced Torres to 132 months' imprisonment and five years of supervised release.

On appeal, Torres alleges the district court erred by not clarifying that Count 1 included conspiracy to possess and distribute both cocaine and heroin. Torres argues the district court created a perception that Torres was pleading guilty only to a cocaine conspiracy, and that his involvement in a heroin conspiracy would only be included in determining his "relevant conduct" for sentencing purposes. Torres also contends that the district court erred by failing to include two elements of a conspiracy offense in its recitation of the conspiracy charge—the defendant's knowledge of an agreement and his voluntary participation in the conspiracy—resulting in Torres's belief that the government had to prove only an agreement between himself and his co-conspirators to commit a crime.

No. 10-20167

## II.

Because Torres failed to object to the district court's alleged errors during his Rule 11 hearing, we review for plain error only.[1] *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). Under our plain error analysis, Torres must establish that: "(1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights." *Id.* (citing *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc)). "If these factors are established, the decision to correct the forfeited error still lies within our sound discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Marek*, 238 F.3d at 315).

Rule 11 proceedings ensure that a defendant's guilty plea is knowing and voluntary. *Id.* The district court "must personally inform the defendant of the nature of the charge to which he pleads . . . [and] determine that the defendant understands the nature of the charge." *United States v. Adams*, 566 F.2d 962, 967 (5th Cir. 1978). To show that his substantial rights have been affected, Torres "must show a reasonable probability that, but for the error, he would not have entered the [guilty] plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The reviewing court evaluates the entire record to determine whether a different result was probable had the error not occurred. *Id.*

### A.

The district court's failure to discuss the heroin conspiracy in Count 1 does not constitute plain error. "Under [21 U.S.C. § 846], the government must

---

[1] The government contends Torres waived his right to appeal because the district court inquired whether any other advice was required before entering Torres's plea and his counsel said "No." This court has held that counsel's declination to offer an objection is not the same as an intentional abandonment of all objections. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). Waiver cannot occur when "there is no evidence . . . that counsel knew of the [objectionable] issue and that he consciously chose to forego it." *Id.*

demonstrate beyond a reasonable doubt that the defendant conspired to possess with intent to distribute some controlled substance." *United States v. Patino-Prado*, 533 F.3d 304, 309–10 (5th Cir. 2008). "Drug type is not an element of [21 U.S.C. § 841(a)(1)]." *Id.* at 309. To sustain a conviction against Torres at trial, the government only needed to prove conspiracy with respect to cocaine or heroin, but not both. *See id.* at 310 (holding proof of a marijuana conspiracy sufficient to convict a defendant of an indicted charge alleging conspiracy to possess and distribute both marijuana and cocaine). Thus, the district court did not err when it omitted heroin from the recitation of Count 1 because the inclusion of cocaine sufficiently informed Torres that possession of a controlled substance was an element of the offense.

**B.**

To sustain a conspiracy conviction, "the government must prove beyond a reasonable doubt: (1) the existence of an agreement between two or more persons to violate narcotics laws, (2) the defendant's knowledge of the agreement, and (3) his voluntary participation in the conspiracy." *Id.* at 309. Torres complains the district court erred by not discussing the second and third elements of a conspiracy, and argues a more complete explanation was necessary because "Rule 11's requirement that defendants understand the 'nature of the charge' against them refers to the elements of the offense." *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001) (citation omitted).

Torres fails to establish a reasonable probability that, had the district court explained the second and third elements of a conspiracy, he would not have pleaded guilty. Record evidence shows that the government and Torres's counsel never believed Torres would proceed to trial. Nineteen days before the trial's scheduled start, Torres's attorney filed a motion to substitute counsel stating that he had not prepared for trial because Torres indicated he was going to plead guilty. The motion indicated counsel had conferred with the government, who

No. 10-20167

similarly had not prepared a case because it expected Torres to plead guilty. Torres pleaded guilty at the Rule 11 hearing four days later.

Moreover, Torres's factual admissions in open court suggest the strength of the government's case against him. Torres admitted that the government investigated him for several months prior to his arrest, ultimately capturing his participation in multiple drug transactions on recorded audio and video. Torres also admitted he sold drugs to a confidential informant. *See Dominguez Benitez*, 542 U.S. at 85 (noting the strength of the government's case when a defendant was observed selling drugs to a confidential informant). Additionally, Torres admitted to brokering a deal between a seller and a buyer for a drug transaction involving 15 ounces of heroin, thereby acknowledging the voluntary nature of his participation in the conspiracy. The strength of the government's case readily suggests that Torres would not have proceeded to trial absent the alleged Rule 11 error.

Finally, the benefits contained within Torres's plea agreement support the conclusion that he would not have proceeded to trial. If Torres elected for a trial, he would not have received the 3 point offense level reduction included in his plea agreement. If convicted at trial, Torres's guidelines sentencing range would have been 151 to 188 months of imprisonment based upon an offense level of 34 instead of the guilty plea's result of 120 to 135 months based on an offense level of 31. Accordingly, a reasonable probability exists that Torres voluntarily pleaded guilty to avoid the likelihood of receiving a sentence 16 to 53 months longer than the maximum he was eligible for under the acceptance of responsibility provision within the plea agreement.

## III.

We find that Torres has not demonstrated a reasonable probability that he would have proceeded to trial if the district court had not committed the alleged Rule 11 errors. Without such a showing, Torres cannot show that any

5

No. 10-20167

error affected his substantial rights. For the forgoing reasons, Torres's conviction must be AFFIRMED.