# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2012

No. 10-20858
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GABRIEL GUZMAN-VILLA, also known as Juan Garcia,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-296-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gabriel Guzman-Villa appeals the 51-month sentence imposed following his guilty-plea conviction for conspiracy to transport, conceal, and harbor illegal aliens within the United States. Guzman contends the district court plainly erred in applying a four-level enhancement, pursuant to Sentencing Guideline § 3B1.1(a), based on finding he was an organizer or leader of a criminal activity. The Government contends: Guzman waived this issue by acknowledging at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing that the enhancement was correct; alternatively, the district court did not plainly err by applying the enhancement.

"Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment of a known right." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). Whereas forfeited errors are reviewed for plain error, waived errors are unreviewable. *Id.* By stating at sentencing that she could not "argue against" the four-level enhancement, Guzman's counsel may have waived this issue. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006) (similar circumstance). In any event, the claim fails under plain-error review. For relief under that review, there must be, *inter alia*, a clear or obvious error. *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). For the reasons that follow, there was none.

Under Guideline § 3B1.1(a), defendant's offense level should be increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive". For purposes of the enhancement, the five participants need not be charged or convicted with defendant, but rather need only have knowingly participated in some part of the criminal enterprise. *See* § 3B1.1, comment. (n.1); *United States v. Boutte*, 13 F.3d 855, 860 (5th Cir. 1994). The uncontroverted evidence in the presentence investigation report (PSR) established there were at least five participants in the conspiracy. The PSR further established Guzman exercised decision making authority; participated in the conspiracy; had a high degree of participation in planning or organizing the smuggling; and exercised authority over at least one participant. *See* § 3B1.1, comment (n.4) (factors for determining whether defendant was leader).

AFFIRMED.