# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-40072
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SCOTT ANTHONY SULLIVAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-792-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Scott Anthony Sullivan appeals his conviction and sentence for deprivation of rights under color of law where the offense included aggravated sexual abuse. Sullivan argues that the district court's jury instructions and verdict form lessened the Government's burden of proof. Specifically, Sullivan challenges the district court's use of the Texas sexual assault definition and argues that the court should have used the federal definition of sexual abuse as set forth in 18 U.S.C. § 2242. Additionally, he contends that the court erred in first asking the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury to determine whether Sullivan was guilty of deprivation of rights under color of law before they decided the aggravated offenses of aggravated sexual abuse and bodily injury.

Defense counsel voiced objections to the jury instructions, but only on grounds that the instructions regarding bodily injury and aggravated sexual abuse be deleted. He did not object to the district court's use of the Texas definition of sexual assault, the issue he now raises on appeal. However, the record does not support a finding that counsel knew of an error and deliberately chose to ignore it. *See United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002). Thus, our review is limited to plain error. *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006); *United States v. Redd*, 355 F.3d 866, 874-75 (5th Cir. 2003).

To prevail on plain-error review, Sullivan must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If such a showing is made, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *See id.* (internal quotation marks, citation, and brackets omitted).

In essence, Sullivan's argument is that the Government was required to prove beyond a reasonable doubt that he committed the federal offense of sexual abuse in order to find that he deprived R.S. of her right to bodily integrity. There is no support for this argument. The sexual assault alleged in the indictment is the means by which Sullivan deprived R.S. of her right to bodily integrity; it is not a separately alleged offense. Because of the lack of authority in support of his argument, Sullivan cannot show a clear or obvious error by the trial court. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009).

Further, Sullivan cannot show an adverse effect on his substantial rights to justify a reversal of his conviction. *See Puckett*, 556 U.S. at 135. The jury was

instructed on the elements of the federal offense of aggravated sexual abuse as set forth in 18 U.S.C. § 2241 and found Sullivan guilty beyond a reasonable doubt of committing aggravated sexual abuse.  A finding that Sullivan committed the offense of aggravated sexual abuse is enough to establish that he deprived R.S. of her right to bodily integrity.  Therefore, Sullivan cannot show that the alleged error "affected the outcome of the district court proceedings." *See id.* (internal quotation marks and citation omitted).

Regarding the verdict form, counsel objected but only on the ground that the jury should consider the offense of bodily injury before considering the charge of aggravated sexual abuse.  Again, review is for plain error.  *See Puckett*, 556 U.S. at 135; *Arviso-Mata*, 442 F.3d at 384.

Section 242 creates a general offense and two distinct aggravated offenses which increase the statutory penalty.  *See United States v. Williams*, 343 F.3d 423, 432-34 & n.7 (5th Cir. 2003).  To find Sullivan guilty of the aggravated charges, the jury necessarily had to find him guilty of the elements of depriving R.S. of her constitutional rights, as these are the three basic elements of any section 242 offense.  *See id.* at 431-32.  The additional element in the greatest offense is the aggravating factor of aggravated sexual abuse.  *Id.* at 433-34.  To instruct the jury on the aggravated offenses requires instructions as to all the elements of the basic offense and that the offense involved aggravated sexual abuse.  *Id.*

However, even if the verdict form was erroneously structured and the error was clear or obvious, Sullivan cannot show that the error affected his substantial rights.  *See Puckett*, 556 U.S. at 135.  The jury reached a unanimous decision on all charges and there is no indication that the result would have been different had the jury considered only the aggravated offenses first.

Accordingly, the judgment of the district court is AFFIRMED.