# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2014

Lyle W. Cayce
Clerk

No. 12-51148
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO VILLEGAS-ESPINOZA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1493-1

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lorenzo Villegas-Espinoza appeals the 70-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the district court plainly erred when it assessed four criminal history points for two of his prior convictions because the original sentences were imposed more than ten years prior to his commission of the instant illegal reentry offense and the total term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment on each conviction did not exceed one year and one month. Because Villegas-Espinoza did not object to the calculation of his criminal history category in the district court, we review for plain error. *See United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1276 (2013).

As the Government concedes, the district court erred in calculating Villegas-Espinoza's criminal history category, and the error was clear or obvious. The presentence report (PSR) provides that on May 2, 2001, Villegas-Espinoza pleaded guilty to disorderly conduct—unreasonable noise and was sentenced to 30 days of imprisonment and 12 months of probation. On May 2, 2002, he pleaded guilty to driving while ability impaired with a prior DUI and was sentenced to 180 days of imprisonment and 24 months of probation. Although Villegas-Espinoza's probation sentences were revoked on June 18, 2003, and June 19, 2003, respectively, the total term of imprisonment on each conviction did not exceed one year and one month. Thus, the relevant dates for purposes of U.S.S.G. § 4A1.2(e) were the dates of the original sentences. *See* § 4A1.2(k)(2)(C); *United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006). Because Villegas-Espinoza's original sentences were imposed more than ten years before his illegal reentry on May 31, 2012, they should not have been counted. *See* § 4A1.2(e)(1)-(3); *Avalos-Martinez*, 700 F.3d at 153; *Arviso-Mata*, 442 F.3d at 385.

In the absence of the four criminal history points, Villegas-Espinoza's criminal history category would have been III. With a total offense level of 21, his guidelines imprisonment range would have been 46 to 57 months, rather than the 70 to 87-month range calculated by the district court. There is no overlap between the correct and incorrect guidelines ranges, and Villegas-Espinoza's 70-month sentence exceeds the top of the correct guidelines range

by 13 months. Further, it is not apparent from the record that Villegas-Espinoza would have received an above-guidelines sentence of 70 months of imprisonment had the district court correctly calculated his criminal history category. Although the district court noted that Villegas-Espinoza had an extensive criminal history, that 11 of his prior convictions had not been assessed criminal history points, and that a downward variance was not appropriate, the district court sentenced him at the bottom of the incorrect guidelines range and did not state that it would have imposed the same sentence regardless of the applicable guidelines range. Under these circumstances, a reasonable probability exists that, but for the district court's misapplication of the Guidelines, Villegas-Espinoza would have received a lesser sentence. *See United States v. Mudekunye*, 646 F.3d 281, 289-91 (5th Cir. 2011); *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010). Finally, the significant disparity between the sentence imposed and the correct guidelines range warrants the exercise of our discretion to correct the error. *See Mudekunye*, 646 F.3d at 291; *John*, 597 F.3d at 286-89. Accordingly, Villegas-Espinoza's sentence is VACATED, and the case is REMANDED for resentencing.

Because we vacate and remand for resentencing, we need not address Villegas-Espinoza's argument that the sentence is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).