# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20183
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIX ALBERTO LAGOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-304

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Following his conditional guilty plea to the charge of conspiracy to transport and harbor undocumented aliens, in violation of 8 U.S.C. § 1324, and resulting 24-month sentence, Felix Alberto Lagos appeals the denial of his motion to suppress. We review the district court's factual findings for clear error and the ultimate conclusion regarding constitutionality de novo, *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001), mindful that the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20183

court's denial should be upheld "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted).

On appeal, Lagos concedes that there was reasonable suspicion for the officers' original investigatory stop, but he contends that, after his vehicle was searched and no weapons were found, he should have been permitted to leave. He urges that his prolonged detention after the initial stop amounted to a de facto arrest without probable cause, in violation of the Fourth Amendment.

By conceding the validity of the initial stop, Lagos has waived any challenge thereto. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006); *cf. United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010). Regarding his prolonged detention, the district court correctly determined that the investigating officers developed additional reasonable suspicion of Lagos's participation in an emergency hostage situation following the initial stop justifying his continued detention. Specifically, the officers received information from Lagos's former girlfriend, Natalia Martinez, directly implicating him in an alien-smuggling operation, as well as an "event update" providing a description of one of the suspects that closely matched Lagos's appearance. *See United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). Moreover, the officers' actions during the post-stop detention were reasonably related in scope to the circumstances of the initial stop; Lagos was placed in a patrol car while some of the officers, along with Red Carpet Inn staff, searched the rooms in the hotel in an attempt to locate the hostages. *United States v. Zamora*, 661 F.3d 200, 207 (5th Cir. 2011).

Although Lagos complains that he was detained for an overly long period, he does not point to, and the record is devoid of, any evidence that the officers did not diligently pursue a means of investigation that was likely to

2

confirm or dispel their suspicions as quickly as possible. *See United States v. Sharpe*, 470 U.S. 675, 686 (1985). Alternatively, even if it is assumed that Lagos's continued detention amounted to a de facto arrest, the district court did not clearly err in finding that the officers had probable cause to arrest Lagos based on the information provided by Martinez. *See United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999) (en banc); *see also United States v. Mendez*, 27 F.3d 126, 129 (5th Cir. 1994).

Lagos states that the evidence derived from the black cell phone found on him also should have been suppressed. Lagos denied owning the cell phone, however, and he fails to brief the district court's conclusion that he thus had no standing to challenge the evidence. *See Scroggins*, 599 F.3d at 446. Even had he not waived the argument, it would fail. *See United States v. Powell*, 732 F.3d 361, 374 (5th Cir. 2013).

Accordingly, the district court's denial of the motion to suppress is AFFIRMED.