# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10382

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARCO ANTONIO NEVAREZ-MORALES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-157-A-2

Before STEWART, Chief Judge, and BARKSDALE and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Nevarez-Morales pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine. The district court found that, based upon relevant conduct, he was accountable for 11.48 kilograms of cocaine. He was sentenced to 120 months of imprisonment based on a Guidelines range of 108–135 months, as well as a five-year term of supervised release. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10382

## I.    *Alleyne* **Error**

Nevarez-Morales maintains that the district court engaged in judicial fact-finding in violation of the Fifth and Sixth Amendments because, in light of the holding in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), all facts that determine a defendant's statutory penalty range must be found by a jury beyond a reasonable doubt or admitted by him.  He contends that the district court made a drug-quantity finding by a preponderance of the evidence that subjected him to an increased statutory minimum sentence.  Because Nevarez-Morales has not shown any error, we need not decide whether he sufficiently preserved this argument in the district court. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The amount of cocaine admitted to by Nevarez-Morales—less than two kilograms—established a statutory minimum of five years and a statutory maximum of 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(ii) (supplying sentence for 500 grams or more of cocaine).  For sentencing purposes, however, based upon relevant conduct and using the preponderance standard, the district court attributed 11.48 kilograms of cocaine to Nevarez-Morales.   That quantity would support a statutory minimum of 10 years and a statutory maximum of life in prison. *See* § 841(b)(1)(A)(ii) (supplying sentence for five kilograms or more of cocaine).

The Government contends that the applicable statutory range was provided by § 841(b)(1)(B)(ii), and that the court merely conducted fact-finding as to the drug quantity that resulted in a 10-year sentence within the range supplied by that statute (again, five to 40 years).  Nevarez-Morales argues that the judicial drug quantity finding above five kilograms triggered § 841(b)(1)(A)(ii) and therefore subjected him to that statute's 10-year minimum sentence in violation of *Alleyne*.

No. 12-10382

Nevarez-Morales's argument is foreclosed by *United States v. Hinojosa*, where the appellant took a practically identical tack.  749 F.3d 407, 412–13 (5th Cir. 2014).  In *Hinojosa*, the defendant was charged with, and pled guilty to, possession with intent to distribute more than 100 kilograms of marijuana. *Id.* at 409.  For purposes of sentencing, he was held accountable for 2,860 kilograms of marijuana, resulting in a Guidelines range of 151 to 188 months of imprisonment; he was sentenced to 151 months.  *See id.* at 412.  The defendant argued that the district court's quantity finding became an element of the offense and effectively subjected him to § 841(b)(1)(A)'s 10-year statutory minimum sentence.[1]  *See id.*

This court rejected that argument and held that there had been no *Alleyne* error.  *See id.* at 412–13.  There was nothing in the record that showed the district court had applied the increased minimum sentence: the presentence report ("PSR"), which had been adopted by the district court, referenced the § 841(b)(1)(B) range and the judge did not refer to a mandatory minimum at sentencing or in the judgment.  *Id.* at 412.  The district court had merely conducted fact-finding on relevant conduct that remained permissible after *Alleyne*.  *See id.* at 412–13; *see also Alleyne*, 133 S. Ct. at 2163 ("Our decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law.").

Here, as in *Hinojosa*, the record establishes that the district court engaged only in fact-finding that altered the advisory Guidelines range but did not increase the statutory minimum sentence.  The PSR—expressly adopted by the district court, as relevant here—references the § 841(b)(1)(B)(ii)

---

[1] As noted above, §§ 841(b)(1)(A) and 841(b)(1)(B) provide two separate penalty tracks tied to drug quantity.  For marijuana, § 841(b)(1)(B)(vii) is applicable to drug crimes involving 100 kilograms or more, while § 841(b)(1)(A)(vii) is applicable to drug crimes involving 1,000 kilograms or more.

sentencing range. The factual resume does the same. The district court admonished Nevarez-Morales that he faced the § 841(b)(1)(B)(ii) sentencing range, and the judgment references § 841(b)(1)(B)(ii). There is no direct evidence indicating that the district court ever felt bound by § 841(b)(1)(A)(ii). Additionally, that the Guidelines range referenced in the PSR dropped below § 841(b)(1)(A)(ii)'s 10-year minimum undercuts Nevarez-Morales's suggestion that his precisely 10-year sentence resulted from an application of § 841(b)(1)(A)(ii).[2]

There is every indication that the § 841(b)(1)(B) sentence at all times furnished the applicable statutory range. Thus, the drug quantity here did not have to be admitted by Nevarez-Morales or found by a jury beyond a reasonable doubt. *See Hinojosa*, 749 F.3d at 413 ("As a matter of simple logic, [Guidelines] ranges may . . . exceed a higher statutory minimum applicable to a related offense. When that is the case, nothing . . . provides that the discretionary range of the Guidelines triggers a statutory minimum higher than the one applicable to the count of conviction or the requirement of jury fact-finding."). Accordingly, Nevarez-Morales has not shown error.

We hasten to add that at least three other circuits have taken this view in virtually indistinguishable circumstances. *See United States v. Freeman*, 763 F.3d 322, 336 (3d Cir. 2014) ("Freeman and Mark's alleged 'exposure' to a sentencing range with a low end of ten years of incarceration bears little on our inquiry into what the District Court *actually relied upon* in imposing their respective sentences."); *United States v. Ramírez-Negrón*, 751 F.3d 42, 51 (1st Cir. 2014) ("The fact that Ramírez's sentence falls above the 10-year mandatory minimum is insufficient to establish that the mandatory minimum

---

[2] Indeed, this case is even weaker than the one presented in *Hinojosa*, since the *Hinojosa* defendant's Guidelines range was entirely above the § 841(b)(1)(A) threshold. *See* 749 F.3d at 412.

governed or that an *Alleyne* error occurred."); *United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014) ("The district court did not err by calculating a greater drug quantity solely for purposes of determining [the defendant's] Guideline range without requiring proof beyond a reasonable doubt or a jury finding or admission.").

## II.     Rule 11 Error

Nevarez-Morales also contends that the district court violated Federal Rule of Criminal Procedure 11(b)(1) by not admonishing him about the increased statutory minimum and maximum sentences that applied based upon the quantity of drugs for which he was found responsible at sentencing. Nevarez-Morales concedes that he did not raise this issue in the district court and that it is therefore reviewed for plain error. *See United States v. Oliver*, 630 F.3d 397, 411–12 (5th Cir. 2011). However, the court admonished him regarding the proper statutory range and, as discussed earlier, it did not apply a higher range. Nevarez-Morales has not shown plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002).

## III.     Quantity Determination Error

Finally, Nevarez-Morales contends that the district court erred in determining the quantity of drugs for which he was responsible under U.S.S.G. § 2D1.1. He objected on this basis in his written objections to the PSR. However, the transcript of the sentencing hearing shows that he chose to forgo his objections to the drug quantity determinations. Accordingly, his challenge on this point is waived and unreviewable. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006); *United States v. Musquiz*, 45 F.3d 927, 931–32 (5th Cir. 1995).

AFFIRMED.