# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41653
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO CASTANEDA-MORALES, also known as Marco Vargas-Bustos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-660-1

Before JONES, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Ramiro Castaneda-Morales appeals the 18-month within-guidelines sentence imposed following his guilty plea conviction of illegal reentry. *See* 8 U.S.C. § 1326(a)(1), (b)(2). The two issues raised on appeal were not raised in the district court, so we review for plain error. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). To demonstrate plain error, a defendant must show (1) an error or defect, i.e.,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"some sort of deviation from a legal rule"; (2) that is clear or obvious; and that (3) affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks, modification, and citation omitted). If the defendant makes such a showing, we have the discretion to correct the error, but we will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* "In considering whether an error is clear or obvious we look to the state of the law at the time of appeal, and we must decide whether controlling circuit or Supreme Court precedent has reached the issue in question, or whether the legal question would be subject to reasonable dispute." *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) (internal quotation marks and footnoted citations omitted); *see also Henderson v. United States*, 133 S. Ct. 1121, 1130 (2013) (holding that the "requirement that an error be 'plain' means that lower court decisions that are questionable but not *plainly* wrong . . . fall outside" the scope of plain error).

First, Castaneda-Morales claims that the district court plainly erred in assigning criminal history points under U.S.S.G. § 4A1.1(e) to the sentences for three of his prior Oregon third-degree assault convictions, which necessarily required a finding that those convictions were for crimes of violence, as defined in U.S.S.G. § 4B1.2(a) and comment. (n.5) (Nov. 1, 2014). He contends that the only basis for characterizing his Oregon offenses as crimes of violence was § 4B1.2's residual clause, which he insists is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). We have not addressed the constitutionality of § 4B1.2's residual clause, so Castaneda-Morales cannot show error, if any, that is clear or obvious. *See United States v. Howell*, 838 F.3d 489, 492 (5th Cir. 2016) (declining to address the issue); *Henderson*, 133 S. Ct. at 1130; *Fields*, 777 F.3d at 802. Neither has he shown that the district court erred, clearly or otherwise, to the

No. 15-41653

extent it determined that the Oregon offenses were categorically crimes of violence, either as enumerated aggravated assault offenses or under the elements clause. *See Henderson*, 133 S. Ct. at 1130; *Fields*, 777 F.3d at 802.

Second, Castaneda-Morales asserts that the district court plainly erred by characterizing his prior Oregon convictions for third-degree assault as aggravated felonies under 8 U.S.C. § 1101(a)(43)(F) for purposes of applying a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C) (Nov. 1, 2014) and for convicting and sentencing him under § 1326(b)(2). Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), he contends that the definition of a crime of violence in 8 U.S.C. § 16(b), which is incorporated by reference into § 1101(a)(43)(F)'s definition of an aggravated felony, is unconstitutionally vague on its face. Castaneda-Morales's reasoning is foreclosed by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of Johnson in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), does not alter this analysis. We are bound by our own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

AFFIRMED.