# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2022

Lyle W. Cayce
Clerk

No. 19-60763

Mohamed Lamin Leslie A. Gordon, also known as
Mohamed Gordon,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A061 140 813

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Mohamed Gordon, an immigrant from Sierra Leone, was ordered removed from the United States in 2018 based on convictions for controlled substance offenses. In an effort to prevent his removal, he applied for asylum, statutory withholding of removal, and protection under the Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60763

Against Torture (CAT). After both the Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) denied Gordon's claims, he filed a petition for review. We dismiss the petition in part for lack of jurisdiction and deny it in part.

## I.

Gordon was admitted to the United States in March 2010 as a lawful permanent resident. In August 2018, the Department of Homeland Security initiated removal proceedings because Gordon committed drug crimes. At his removal hearing, Gordon conceded his removability but sought asylum, withholding of removal, and CAT relief.

In his asylum application, Gordon stated that members of the Revolutionary United Front in Sierra Leone killed his father in 1994, during Sierra Leone's civil war. He stated that they killed six other relatives five years later, and he narrowly escaped being killed himself. He submitted documentation regarding human rights violations and country conditions in Sierra Leone, and claimed that he feared harm if returned there.

After a removal hearing, the IJ denied Gordon's claims. Gordon appealed to the BIA, which also rejected his claims. As relevant to this appeal, the BIA found that Gordon had not established a nexus between any past persecution—or future fear of persecution—and a protected ground under the Immigration and Nationality Act (INA).

Gordon filed a timely petition for review of the BIA's decision.

## II.

"To succeed on an application for asylum, an applicant must show that she is unable or unwilling to return to and avail herself of the protection of her home country because of persecution or a well-founded fear of persecution on account of race, nationality, membership in a particular social

group, or political opinion." *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (alterations and internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42)(A). Gordon challenges the BIA's determination that there was no "nexus" between Gordon's persecution and a protected ground—that is, that Gordon lacked a well-founded fear of persecution *on account of* one of the grounds in § 1101(a)(42)(A).

The BIA dismissed Gordon's appeal after considering and rejecting two of Gordon's nexus arguments. First, the BIA considered and rejected Gordon's claimed fear of persecution based on his "membership in a family-based particular social group by virtue of [his] relationship to his father." The BIA concluded that this claim failed because Gordon's family-based PSG was not cognizable under the INA. Second, the BIA considered whether Gordon could show a well-founded persecution on account of his membership in the PSG of Creole individuals. The BIA also rejected this argument, accepting the IJ's conclusion that "there was no evidence in the record that Creole individuals suffer treatment in Sierra Leone that would amount to persecution."

In briefing before our court, Gordon waived both these claims. Specifically, he asserts that his PSG claims were made by different counsel and "abandoned on appeal." Thus, according to Gordon, his membership in a PSG is "irrelevant to this appeal." We therefore will not review the BIA's PSG-related holdings. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) ("[W]aived errors are entirely unreviewable.").

Gordon instead argues that the BIA erred by failing to find a nexus between Gordon's fear of persecution and his father's political opinions. But we lack jurisdiction to consider this claim under 8 U.S.C. § 1252(a)(2)(C). That provision strips our jurisdiction—except for legal and constitutional issues—over final orders of removal against aliens removable "by reason of

having committed a criminal offense covered in [8 U.S.C. § 1182(a)(2)]." *Ibid.*; *see Vazquez v. Sessions*, 885 F.3d 862, 867 (5th Cir. 2018). Both Gordon and the Government agree that § 1252(a)(2)(C) strips our jurisdiction over Gordon's factual claims because his controlled substance offenses are covered by 8 U.S.C. § 1182(a)(2). And whether an alien has shown a nexus between their fear of persecution and a protected ground is a factual question this court may not consider when the § 1252(a)(2)(C) bar applies. *See, e.g.*, *Pierre-Paul v. Barr*, 930 F.3d 684, 694 (5th Cir. 2019) ("The nexus issue, however, is a factual question reviewed under the substantial evidence standard, and, thus, an issue which this court lacks jurisdiction to entertain [under § 1252(a)(2)(C)]."). So we lack jurisdiction over Gordon's only non-waived challenge to the BIA's holdings regarding asylum and withholding of removal.

## III.

Gordon also challenges the BIA's conclusion that he is not entitled to relief under the CAT. An applicant for such relief must show a likelihood that he would be tortured if returned to his home country. *Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005).

Gordon contends that the BIA erred in agreeing with the IJ that he was not likely to suffer torture by or with the government's acquiescence in Sierra Leone. But the BIA cited evidence that the country's civil war, during which Gordon's family members and thousands of others were murdered, ended in 2002. The BIA also relied on the IJ's determination that Gordon did not claim to be politically active and had not shown that he was likely to be individually targeted by any person or group in Sierra Leone. Gordon has failed to point to evidence so compelling that no reasonable factfinder could conclude that he was not likely to be tortured by or with the government's acquiescence in Sierra Leone. Accordingly, he has not shown that the BIA

No. 19-60763

erred in denying him CAT relief. *See Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

\*    \*    \*

For the reasons set forth above, Gordon's petition is DISMISSED in part and DENIED in part.