# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR RUIZ RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-62

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Ruiz Rodriguez appeals his guilty-plea conviction of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and the resulting sentence of 192 months of imprisonment. In Rodriguez's plea agreement, he waived the right to file a direct appeal challenging his conviction and sentence "on any ground whatsoever," with the exception of the right to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60118

pursue claims of ineffective assistance of counsel.  He also waived the right to contest his conviction and sentence in any post-conviction proceeding.

Despite the appeal waiver, Rodriguez argues (1) that the district court lacked jurisdiction to impose a sentence outside the statutory maximum sentence authorized by his guilty plea, (2) the quantity of marijuana attributable to him required a jury finding, and (3) the factual basis is insufficient to establish drug quantity.  The Government seeks to enforce the appeal waiver and has filed a motion for dismissal of the appeal or, alternatively, summary affirmance.

To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, this court analyzes whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at hand, based on the plain language of the agreement.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  For an appeal waiver to be knowing and voluntary, the defendant must know that he had a right to appeal and that he was giving up that right.  *See United States v. Portillo*, 1 F.3d 290, 292 (5th Cir. 1994).  This court reviews the validity of an appeal waiver de novo.  *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

Rodriguez pleaded guilty to an offense involving more than 100 kilograms of marijuana, which subjected him to a statutory minimum term of imprisonment of 5 years and a maximum term of 40 years.  *See* 21 U.S.C. § 841(b)(1)(b).  His sentence of 192 months of imprisonment is within the statutory range.  The record, including the superseding indictment, written plea agreement, plea supplement, and plea colloquy conducted by the district court, indicates that Rodriguez's guilty plea and appeal waiver were entered

2

into knowingly and voluntarily.  Thus, the appeal waiver is enforceable.  *See Bond*, 414 F.3d at 544; *Portillo*, 1 F.3d at 292.

While Rodriguez phrases his argument concerning the statutory maximum as a jurisdictional challenge, the argument is merely a challenge to the district court's imposition of a sentence within the statutorily authorized sentencing range.  As such, this issue is barred by the terms of the appeal waiver.  *See Bond*, 414 U.S. at 544.  Additionally, Rodriguez's argument that the quantity of marijuana attributable to him required jury findings disregards the explicit terms of his plea agreement and superseding indictment.  This issue is also barred by the terms of his appeal waiver.  *See id.*

Rodriguez's challenge to the sufficiency of the Government's factual basis on the issue of drug quantity is not barred by the appeal waiver.  *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  Nonetheless, although Rodriguez raises the issue, he makes no effort to address the considerable facts regarding drug quantity set forth in the Government's proffer.  Accordingly, he has abandoned any such argument.  *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).  Additionally, based upon counsel's comments during the plea colloquy, Rodriguez waived any challenge to the sufficiency of the factual basis.  *See United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).  This issue is therefore affirmatively waived and is entirely unreviewable.  *See Arviso-Mata*, 442 F.3d at 384.

While an enforceable appeal waiver does not deprive this court of jurisdiction, dismissal of the appeal is appropriate as a means of enforcing the Government's contractual rights under the plea agreement.  *See United States v. Story*, 439 F.3d 226, 230-31 & n.5 (5th Cir. 2006).  Accordingly, the Government's motion to dismiss is GRANTED, in part, with respect to

No. 15-60118

Rodriguez's issues (1) and (2), as these issues are barred by the terms of the appeal waiver. The district court's judgment is AFFIRMED, in part, with respect to issue (3), as Rodriguez has abandoned the issue by failing to adequately brief it and the record indicates that the issue is waived. The Government's motion for summary affirmance is DENIED, as the issues presented in this appeal are fact sensitive and are not foreclosed by circuit precedent.

MOTION TO DISMISS GRANTED, IN PART; APPEAL AFFIRMED IN PART; MOTION FOR SUMMARY AFFIRMANCE DENIED.