EDITH H. JONES, Chief Judge:
This is an appeal from the sentencing decision of the district court following the defendant-appellant David Goluba’s conviction. Goluba was indicted and pleaded guilty, without a written plea agreement, to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Before his sentencing, Goluba filed objections to the district court’s calculation of his range under the Federal Sentencing Guidelines of 151 to 188 months. He argued that he was entitled to a two-level reduction under U.S.S.G. § 2G2.2(b)(l). The district court overruled Goluba’s objection and sentenced him to 151 months followed by 10 years of supervised release. Goluba appeals. Because the district court did not err by declining to apply the two-level reduction provided under U.S.S.G. § 2G2.2(b)(l), we AFFIRM.
I. BACKGROUND
In November of 2009, a woman in Minnesota contacted local law enforcement after she discovered sexually explicit internet chat conversations between her ten-year-old daughter and several users of the social networking site Tagged.com. The young daughter’s Tagged.com account revealed that a user with the screen name “Dave G” sent several of the sexually explicit messages. Dave G’s user profile stated that he was a forty-three-year-old male from Arlington, Texas. His user profile photograph showed him sitting in a chair with the tip of his erect penis visible. In one of his messages, Dave G directed the ten-year-old girl to look at his picture, writing, “hey look at my profile pic at the bottom ya see it?”
Minnesota law enforcement established that the Dave G account belonged to the defendant-appellant, David Goluba. The Minnesota authorities transmitted that information to the Arlington Police Depart *306 ment in Texas, which initiated an investigation. On March 1, 2010, two Arlington police officers interviewed Goluba at his workplace. During the interview, Goluba admitted that he was a member of Tagged, com and that he sent sexually explicit messages to the ten-year-old in Minnesota. Goluba additionally admitted that he (1) possessed child pornography on his home computers, (2) had used his computer to solicit a minor, (3) collected female children’s underwear, and (4) he had tutored a man, via email, on how to have sex with the man’s twelve-year-old daughter. After subsequently searching Goluba’s home, authorities found over 30,000 images and at least 987 videos containing child pornography. Shortly thereafter, Goluba apparently fled the area. On April 14, 2010, Goluba was charged with one count of receipt of child pornography, under 18 U.S.C. § 2252(a)(2), in the Northern District of Texas. He was arrested in Minnesota on April 19, 2010. Goluba pleaded guilty to the one-count indictment on August 11, 2010.
The presentence report (“PSR”) concluded that Goluba’s total offense level was 32 and that his criminal history category was III, resulting in a guideline range of 151 to 188 months. Goluba objected to this calculation of his guideline range, arguing that he was entitled to a two-level reduction under U.S.S.G. § 2G2.2(b)(l). This provision applies when a “defendant’s conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor” and the defendant “did not intend to traffic in, or distribute, such material.” The Government responded to Goluba’s objection by arguing that he did not qualify for the reduction because, inter alia, Goluba sent a sexually graphic image to the minor in Minnesota. Thus, his conduct was not limited merely to the receipt or solicitation of child pornography, but rather it included other acts related to sexual exploitation of children that the court ought to consider during sentencing. The PSR agreed with the Government’s reasoning.
At sentencing, the court adopted the factual findings of the PSR, overruled Goluba’s objection, and found that the guideline range recommended by the PSR was proper. The court sentenced Goluba to 151 months of imprisonment, a sentence at the bottom of the 151-to-188-month range suggested by the Sentencing Guidelines. Goluba here appeals that decision.
II. STANDARD OF REVIEW
When a defendant properly preserves an objection to a sentencing guideline adjustment, as Goluba did here, this court will determine on appeal whether the district court committed “significant procedural error.” United States v. Delgado-Martinez, 564 F.3d 750, 753 (5th Cir.2009). The court reviews the district court’s application and interpretation of the Federal Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Mudekunye, 646 F.3d 281, 286 (5th Cir. 2011).
III. DISCUSSION
Section 2G2.2 of the Federal Sentencing Guidelines applies to the child pornography offenses set forth in 18 U.S.C. §§ 1466A, 2252, 2252(A)(a)-(b), and 2260(b). It states in relevant part:
(a) Base Offense Level
(1) 18, if the defendant is convicted of
18 U.S.C. § 1466A(b), § 2252(a)(4),
§ 2252(a)(5), or § 2252(a)(7).
(2) 22, otherwise.
(b) Specific Offense Characteristics
(1) If (A) subsection (a)(2) applies;
(B) the defendant’s conduct was limited to the receipt or solicitation of ma *307 terial involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels.
U.S.S.G. § 2G2.2(a), (b)(1) (2009).
The first and third elements of subsection (b)(1) are not at issue here. The district court properly assigned Goluba a base offense level of 22 under § 2G2.2(a)(2) and the Government does not argue that Goluba intended to traffic in, or distribute, child pornography. The Government conceded that the forensic analysis of Goluba’s computers “revealed that [Goluba] did not distribute his collection of child pornography.” The key issue is whether Goluba’s conduct was limited to the receipt or solicitation of child pornography within the meaning of § 2G2.2(b)(l)’s second element.
Goluba argues that, since he distributed no material involving the sexual exploitation of a minor, he should be eligible for the two-level reduction. He contends that the reduction applies to defendants who are charged solely with receipt of child pornography, unless the defendant distributed or intended to distribute the pornography. A plain reading of the guideline, Goluba argues, suggests that a minor must be visually depicted in the material referred to in § 2G2.2(b)(l). The image Goluba sent to the minor in Minnesota, while exposing himself, did not visually depict a child. Thus, the image was not itself child pornography and its transmission cannot disqualify him from the two-level reduction provided for by § 2G2.2(b)(l).
Goluba’s argument, however, erroneously emphasizes the word “material” instead of the word “conduct” in the applicable guideline. Moreover, this argument disregards the totality of the defendant’s conduct.
Subsection (b)(1) offers a two-level decrease in sentencing only when the defendant’s conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor that the defendant did not intend to distribute. Nothing in its language suggests that the conduct must be limited to the conduct expressly constituting the charged offense. Rather, “the guidelines provide that in calculating the offense level the district court may consider acts in addition to the acts underlying the offense of conviction so long as those other acts constitute ‘relevant conduct’ as defined in the guidelines.” United States v. Fowler, 216 F.3d 459, 461 (5th Cir.2000). Neither do the Sentencing Guidelines require that any surrounding conduct considered by the district court necessarily is limited to “material involving the sexual exploitation of a minor.”
The unindicted conduct discussed in Goluba’s PSR is replete with instances that support the district court’s decision to deny Goluba the two-level reduction at issue. Goluba sent a sexual photograph of himself to the child. During subsequent internet chats with the child, he instructed her to look at the bottom of the photograph, where his penis was visible. This conduct alone demonstrates that Goluba acted beyond the mere viewing or collection of child pornography. Rather than limiting his conduct to the receipt or solicitation of such images, the defendant here sought to entice minors to engage in sexually explicit conversations and sexual acts, and discussed his interest in sexually exploiting children with others. Goluba’s conduct was not limited to that of a mere viewer of child pornography, nor was his conduct casual or isolated. The (b)(1) reduction did not apply for his benefit.
IV. CONCLUSION
For the reasons discussed above, we AFFIRM the district court’s sentence.