**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2012

No. 11-40986
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALBERTO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1637-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Alberto Rodriguez pleaded guilty to possession with intent to distribute approximately 87 kilograms of marijuana. He appeals his sentence, arguing that the district court clearly erred by applying a 5% reduction for packaging to the gross weight of marijuana, instead of the 8.2% reduction he requested.

This court reviews the district court's application and interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Goluba*, 672 F.3d 304, 306 (5th Cir. 2012).  A district court's finding on drug quantity is a factual finding reviewed for clear error.  *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).  "District courts enjoy wide discretion in determining which evidence to consider and to credit for sentencing purposes." *United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir.), *cert. denied*, 132 S. Ct. 2759 (2012).  If the district court's assessment of the evidence is plausible in light of the record as a whole, this court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.  *See Davis*, 76 F.3d at 84.

Here, the district court adopted the drug quantity set forth in the presentence report (PSR) after having considered the gross weight of the drugs, the number of bundles involved, and the type of wrapping used.  Rodriguez presented no evidence rebutting the drug quantity set forth in the PSR.  Given the absence of contrary evidence concerning the proper drug quantity, the district court was free to adopt the PSR's estimated weight and use that weight for sentencing purposes. *See United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994).  The district court's decision to apply a 5% reduction to the gross weight of the marijuana to account for the packaging was plausible in light of the record. *See Davis*, 76 F.3d at 84.  Accordingly, the judgment is AFFIRMED.