# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

───────────

No. 14-20003
Summary Calendar

───────────

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE BARRON,

Defendant-Appellant

Cons. w/ No. 14-40011

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE BARRON, also known as Lupe,

Defendant-Appellant

───────────

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-31-1

───────────

No. 14-20003
c/w No. 14-40011

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Guadalupe Barron pleaded guilty, in two separate criminal matters, to possession with intent to distribute five kilograms or more of cocaine and to conspiracy to possess with the intent to distribute five kilograms or more of cocaine. He appeals his concurrent sentences of 118 months of imprisonment, arguing that the district court clearly erred by applying a 5% reduction from the gross weight for packaging, instead of a 5.3% or higher reduction.

We review the district court's application and interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Goluba*, 672 F.3d 304, 306 (5th Cir. 2012). A district court's finding on drug quantity is a factual finding we review for clear error. *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). If the district court's assessment of the evidence is plausible in light of the record as a whole, we may not reverse even if we would have weighed the evidence differently if sitting as the trier of fact. *See Davis*, 76 F.3d at 84.

Here, the district court adopted the drug quantity set forth in the presentence report (PSR) after considering Barron's arguments in favor of a higher percentage reduction for packaging. Barron, however, presented no evidence rebutting the drug quantity or the 5% packaging reduction set forth in the PSR. Given the absence of contrary evidence concerning the proper drug quantity, the district court was free to adopt the PSR's estimated weight and use that weight for sentencing purposes. *See United States v. Puig–Infante*, 19 F.3d 929, 943 (5th Cir. 1994). The district court's decision to apply a 5%

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20003
c/w No. 14-40011

reduction at most to the gross weight of the marijuana to account for packaging was plausible in light of the record. *See Davis*, 76 F.3d at 84. Accordingly, the judgment is AFFIRMED.