JANE B. STRANCH, Circuit Judge,
Concurring.
I join my colleagues in affirming Hodge’s sentence because the language used by the Sentencing Commission in USSG § 2G2.2(b)(l)(B) does not accomplish the objective the Commission intended to achieve.
USSG § 2G2.2(b)(l) became effective on November 1, 2004, after Congress passed the Prosecutorial Remedies and Other Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act). Pub. L. 108-21, 117 Stat. 650 (2003). In drafting guideline amendments to respond to the PROTECT Act, the Commission consolidated two existing guidelines: § 2G2.2, which applied to trafficking, receipt, and transportation of child pornography, and § 2G2.4, which applied to possession of child pornography. The Commission then published a revised § 2G2.2 and deleted § 2G2.4. USSG App. C, Amendment 664 (Nov. 1, 2004).
In its Reason for Amendment, USSG App. C, Amendment 664 (Nov. 1, 2004), the Commission explained that the PROTECT Act established a five-year mandatory minimum sentence and increased the statutory maximum sentence for child pornography trafficking and receipt offenses. In light of these increased statutory penalties, the Commission sought to maintain proportionality in setting the guideline base offense levels for possession, receipt, and trafficking of child pornography. The Commission increased the base offense level for possession from 15 to 18 and set the base offense level for trafficking at 22. The Commission deemed simple receipt offenses — those where defendants received child pornography but harbored no intent to distribute the material received — worthy of an intermediate base offense level of 20:
The amendment ... provides a two-level decrease at § 2G2.2(b)(l) for a defendant whose base offense level is level 22, whose conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and whose conduct did not involve an intent to traffic in or distribute the material. Thus, individuals convicted of receipt of child pornography with no intent to traffic or distribute the material essentially will have an adjusted offense level of level 20, as opposed to an offense level of level 22, for receipt with intent to traffic, prior to application of any other specific offense characteristics. The Commission’s review of these cases indicated the conduct involved in such “simple receipt” cases in most instances was indistinguishable from “simple possession” cases. The statutory penalties for “sim- *685 pie receipt” cases, however, are the same as the statutory penalties for trafficking cases. Reconciling these competing concerns, the Commission determined that a two-level reduction from the base offense level of level 22 is warranted, if the defendant establishes that there was no intent to distribute the material.
USSG App. C, Amendment 664, page 59 (emphasis added).
I understand from this explanation that the Commission intends for base offense level 20 to apply if the defendant’s conduct of conviction is limited to receipt of child pornography ánd the defendant had no intent to distribute the material received. See United States v. Goluba, 672 F.3d 304, 309-10 (5th Cir.2012) (DeMoss, J., dissenting). Unfortunately, that is not what § 2G2.2(b)(l)(B) says. The provision refers without limitation to “the defendant’s conduct.” In view of the express language used, I am constrained to agree with my colleagues that “the defendant’s conduct” includes relevant conduct as defined in USSG § 1B1.3. Taking into account the defendant’s relevant conduct of videotaping his stepdaughter, I am unable to conclude that “the defendant’s conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor.” The district court did not err in declining to apply § 2G2.2(b)(l) in favor of the defendant.
The Commission may decide in the future to revise § 2G2.2(b)(l)(B) to effectuate the intended meaning of the provision, but until that occurs, I agree that we must interpret the provision in accordance with the relevant conduct guideline. For these reasons, I concur in the majority opinion.