# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30654

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYLIN RICHARD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Raylin Richard appeals the district court's acceptance of his guilty plea to one count of transportation of child pornography and his subsequent sentence. He contends that the district court erred because: (1) the factual basis for his plea did not support a conviction for knowing transport under 18 U.S.C. § 2252A(a)(1); (2) the district court improperly applied a cross reference to U.S.S.G. § 2G2.1; (3) the district court improperly applied an enhancement for obstructing justice under U.S.S.G. § 3C1.1; and (4) the within-Guidelines sentence Richard received was "grossly disproportionate to the severity of his offense and violates the Eight Amendment's ban on excessive sentences." We **AFFIRM**.

No. 17-30654

## BACKGROUND

In 2015, a grand jury indicted Raylin Richard on numerous counts of production or attempted production of child pornography under 18 U.S.C. § 2251(a), and one count of possession of child pornography under 18 U.S.C § 2252A.  Later, the Government filed a bill of information charging Richard with one count of knowingly transporting child pornography using a means or facility of interstate commerce under  18 U.S.C. § 2252A(a)(1).  Richard waived prosecution by indictment on the single charge and pleaded guilty to the bill of information with a written plea agreement and factual resume.

The factual basis stated that in May 2015, the mother of the 12-year-old victim, who was involved in a romantic relationship with and lived with Richard, discovered nude photographs of her daughter on Richard's phone. The photos showed the juvenile in the bathroom of the home Richard shared with the family.  The mother contacted the local sheriff's office, which took custody of the cellular telephone and conducted a forensic examination of the phone.  The forensic exam revealed multiple videos of the naked child in the bathroom including zoomed-in images.  A search of Richard's vehicle produced a notebook computer with the same videos and images.

In the presentence report ("PSR"), the probation officer noted that the mother of the juvenile also found evidence that Richard had been texting with another minor with whom he may have had a sexual relationship.  While Richard was in jail on the charges in the instant matter, a monitored jail call revealed Richard asking a friend to intervene with the mother of the 16-year-old girl with whom Richard had been exchanging inappropriate text messages. Specifically, Richard asked his friend to inform the mother that he had photographs of "her" in her underwear with "very compromising" things on the

2

table, and to discover why law enforcement officers were in contact with the mother.  Richard also told his friend to contact Richard's parents for money to give to "the women" to "keep her [sic] mouth shut."

The probation officer prepared a PSR, which assessed a base offense level of 32 under U.S.S.G. § 2G2.2, by cross reference to U.S.S.G. § 2G2.1, because the offense of conviction involved causing a minor to engage in sexually explicit conduct.  The probation officer added two levels because the offense involved a minor of 12 years but under the age of 16, 2 levels because the minor was in Richard's custody, care, or supervisory control, and two levels because Richard obstructed justice.  The probation officer recommended a reduction of three levels for acceptance of responsibility, resulting in a total offense level of 35.  The probation officer calculated a criminal history category of III, based on two points arising from a violation of a protective order, to which two further points were added because Richard committed the instant offense while on probation.  With a total offense level of 35 and criminal history category of III, Richard faced an advisory Guidelines sentencing range of 210 months to 240 months in prison, as limited by the statutory maximum sentence of 20 years. § 2252A(b)(1).

Richard made a number of objections in writing, which he reiterated at sentencing.  The district court overruled the objections.  The district court sentenced Richard at the bottom of the Guidelines range to 210 months in prison along with a 15-year term of supervised release.  Richard timely appealed.

## STANDARD OF REVIEW

This court reviews an unpreserved challenge to the sufficiency of the evidence supporting entry of a guilty plea for plain error.  *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).  A district court's interpretation or

application of the Guidelines is reviewed *de novo*, and its factual findings are reviewed for clear error. *United States v. Goluba*, 672 F.3d 304, 306 (5th Cir. 2012). Under the clearly erroneous standard, a sentencing court's factual findings will be upheld if they are "plausible in light of the record as a whole," and they will be deemed clearly erroneous "only if" a review of all the evidence leaves this court "with 'the definite and firm conviction that a mistake has been committed.'" *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (quoting *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011)).

## DISCUSSION

*Sufficiency of the Factual Basis*

Richard first argues that the factual basis for his plea did not support a conviction under 18 U.S.C. § 2252A(a)(1) because transferring a file from his phone to computer did not constitute "transportation." The United States responds, in part, that Richard waived any argument regarding the factual sufficiency of his plea. We address waiver first to determine whether it is necessary to decide the underlying merits of Richard's argument.

"A waiver 'occurs by an affirmative choice by the defendant to forego any remedy available to him, presumably for real or perceived benefits resulting from the waiver.'" *United States v. Andino-Ortega*, 608 F.3d 305, 308 (5th Cir. 2010) (quoting *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002)). "[W]aived errors are entirely unreviewable." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (citing *United States v. Musquiz*, 45 F.3d 927, 931-32 (5th Cir.1995)).

At sentencing, the district court discussed Richard's various objections to the PSR with his attorney. The court noted that "[m]any of the objections to the Guideline range are that the Guidelines are not factually appropriate." The district court advised that "if the defendant believes that the factual basis

4

is not correct, then his remedy is to file a motion to undo his guilty plea and go to trial in this matter, or the Court is faced with the possibility of not awarding points for acceptance of responsibility." Richard's attorney responded:

> We don't intend to say that he's pleading guilty, but he's not really guilty. What we are saying is he is guilty of the facts of this case. If those facts fit the way the Guideline Sentencing Commission decides generically to apply them, then that's fine. We have to live with that. But the Court doesn't, and we don't because the sentence should be tailored to the defendant and not to the Guidelines. That's our argument.

The record makes clear that Richard and his attorney were explicitly told that they should file a motion to undo Richard's guilty plea if they believed the factual basis did not support his plea. Richard's attorney affirmatively did not do so. Indeed, the attorney responded in a manner that forewent a challenge to the factual sufficiency of the plea to help secure benefits for Richard. Most immediately, he wanted to preserve the three-level deduction for acceptance of responsibility. But Richard also had no incentive to challenge the one count to which he had pled guilty, because doing so would vitiate this highly favorable plea agreement and expose him to multiple counts. Accordingly, placed in context, we conclude that Richard waived any challenge to the factual sufficiency of his guilty plea.

*U.S.S.G. § 2G2.1 Cross Reference*

Richard next argues that the district court improperly applied a cross reference to U.S.S.G. § 2G2.1 under § 2G2.2(c)(1) because he did not cause the victim to engage in sexually explicit conduct. We need not dwell on the details of Richard's offense to determine that the district court did not clearly err by applying the cross reference. Richard's conduct closely resembles the conduct at issue in *United States v. McCall*, 833 F.3d 560 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 686 (2017). In *McCall*, this court held that a defendant caused his

victim to engage in sexually explicit conduct when he hid his cell phone in the bathroom of his home to record his teenage niece using the shower.  833 F.3d at 561-64.  The district court did not err by applying the § 2G2.2(c)(1) cross reference.

*Obstructing Justice Enhancement*

Richard also argues that the district court improperly enhanced his base offense level by two for obstructing justice under U.S.S.G. § 3C1.1.  Richard argued to the district court, and again here, that his phone call asking his friend to tell the mother of another teenage girl that he had compromising photographs of her was not obstruction of justice with regard to his offense of conviction.  Richard quotes the language of § 3C1.1 as saying the two-level increase is warranted when the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing <u>of the instant offense of conviction</u> . . . ."

The ellipsis in Richard's quoted language omits the relevant second portion of § 3C1.1, which goes on to say that the increase can apply when "the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) *a closely related offense*."  U.S.S.G. § 3C1.1 (emphasis added).  Richard's conduct involving the 16-year-old girl was part of the investigation into his offense of conviction.  Indeed, Richard's texts to this child were charged as Attempted Production of Child Pornography in the Superseding Indictment.  Richard's phone call and attempt to threaten this girl's mother from jail involved a closely related offense to his offense of conviction and he made the phone call during the investigation.  Accordingly, this court finds that the district court did not err in applying the § 3C1.1 enhancement for obstructing justice.

No. 17-30654

*Excessive Sentence*

Richard briefly asserts, without further argument, that his sentence "is grossly disproportionate to the severity of his offense and violates the Eighth Amendment's ban on excessive sentences." Richard has waived this issue by failing to argue it in his appellate briefing. *See N.W. Enters., Inc. v. City of Houston*, 352 F.3d 162, 183 n.24 (5th Cir. 2003).

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.