# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 22-10680
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alden Brent Cooper,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:21-CR-63-1

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Alden Brent Cooper was found guilty after a bench trial of distributing and receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Cooper appeals his within guidelines sentence of 210 months of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment as well as his $5,000 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA), 18 U.S.C. § 3014.

Cooper failed to preserve his challenges, so we review for plain error. To demonstrate plain error, Cooper must make a showing of (1) a forfeited error (2) that is clear and obvious, and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies these three requirements, we have the discretion to remedy the error and should do so if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" generally. *Id.*

Cooper first argues that he should have received a two-level reduction in his offense level pursuant to U.S.S.G. § 2G2.2(b)(1). That provision applies, in relevant part, if the defendant's "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2(b)(1). Cooper asserts that his production of bestiality pornography does not bear any logical relationship to the offense of conviction and is not related to child pornography. To the contrary, when assessing the applicability of Section 2G2.2(b)(1), a district court need not limit its considerations to "the conduct expressly constituting the charged offense," or even to "material involving the sexual exploitation of a minor." *United States v. Goluba*, 672 F.3d 304, 307 (5th Cir. 2012). Rather, "the district court may consider acts in addition to the acts underlying the offense of conviction so long as those other acts constitute 'relevant conduct' as defined in the guidelines." *Id.* (quotation marks and citation omitted). Cooper produced and possessed 27 videos of himself engaging in bestiality. These videos were found on multiple devices and were comingled with the child pornography. We cannot say the district court committed a clear or obvious error in relying on this conduct to deny Cooper a reduction under Section 2G2.2(b)(1).

No. 22-10680

Cooper next contends that the district court erred when it denied him an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because he admitted his offense to a detective in a post-arrest interview. Cooper fails to show clear or obvious error given that he minimized his conduct in the post-arrest interview, proceeded to trial, and did not acknowledge his guilt during his presentence interview with the probation officer. *See United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003); *United States v. Wilder*, 15 F.3d 1292, 1299 (5th Cir. 1994); U.S.S.G. § 3E1.1, cmt. n.2.

Cooper also asserts that the U.S.S.G. § 2G2.2(b)(6) enhancement for the use of a computer violated his due process rights because his base offense level already accounted for the use of computers to receive child pornography. Here, too, Cooper fails to show clear or obvious error, as we have previously rejected the argument he advances. *See United States v. Roetcisoender*, 792 F.3d 547, 553 (5th Cir. 2015); *United States v. Richardson*, 713 F.3d 232, 237 (5th Cir. 2013).[1]

Finally, Cooper appeals the $5,000 assessment pursuant to the Justice for Victims of Trafficking Act, arguing that the district court did not find, either explicitly or implicitly, that he was "non-indigent" as required by the act. *See* 18 U.S.C. § 3014(a). Cooper in support notes that the district court at sentencing found that he lacked the financial resources or future earning capacity to pay a fine or the costs of incarceration as well as any assessment

---

[1] The district court also stated that, even if its guidelines range calculation was incorrect, it would have imposed the same sentence based on the 18 U.S.C. § 3553 factors. In doing so, it referenced Cooper's videos of bestiality, the number of prepubescent images involved in the offense, and Cooper's likelihood of recidivism. Cooper therefore cannot show "a reasonable probability that, but for" any or all of the alleged sentencing errors, "he would have received a lesser sentence." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663-64 (5th Cir. 2016).

No. 22-10680

under the Amy, Vicky and Andy Child Pornography Victim Assessment Act. Given his prior employment history and his future ability to earn, which was set forth in the PSR and adopted by the district court, Cooper fails to show that the assessment was clear or obvious error. *See United States v. Graves*, 908 F.3d 137, 141–44 (5th Cir. 2018); *United States v. Pacheco-Alvarado*, 782 F.3d 213, 220 & n.30 (5th Cir. 2015).

Cooper has not shown reversible plain error. *See Puckett*, 566 U.S. at 135. Accordingly, the judgment of the district court is AFFIRMED.